```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

| | |
|---|---|
| PAUL NIEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-2748-JTF |
| ) | |
| BAPTIST MEMORIAL MEDICAL ) | |
| GROUP, INC., and BAPTIST ) | |
| MEMORIAL HEALTH CARE ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL**

Before the court by order of reference is Dr. Paul Nieves's motion to compel certain discovery responses from Baptist Memorial Medical Group, Inc. and Baptist Memorial Health Care Corporation (collectively "Baptist"). (ECF Nos. 63 & 65.) For the reasons outlined below, the motion is GRANTED in part and DENIED in part.[1]

### I. BACKGROUND

This is both a class action contract case and an individual suit alleging a violation of federal anti-discrimination law. Dr. Nieves alleges that Baptist discriminated against him in various ways — withholding his pay, cutting his health insurance, and ultimately ending his employment agreement — because of his service

---

[1] As discussed in greater detail below, this order does not address those aspects of Dr. Nieves's motion to compel related to the appropriate scope of Baptist's ESI search.

in the Army Reserve. Dr. Nieves claims this violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301-35. Dr. Nieves also claims that Baptist systematically underpays its doctors for the procedures they perform in violation of their employment contracts. He brings a variety of state law claims on a classwide basis regarding this alleged underpayment. Baptist denies all of these allegations.

The parties disagree about various discovery issues. The most significant discovery issue in dispute is the appropriate scope of Baptist's ESI search. The court has ordered the parties to confer in good faith to explore various possible compromises that may resolve this dispute. (ECF No. 87.) That process is ongoing and the court does not decide any issues directly related to it today. Various concessions made in briefing have mooted other issues raised in this motion.[2] The remaining issues in dispute are: (1) whether Baptist must produce unredacted versions of certain documents that were not listed in its privilege log; (2) whether Baptist has appropriately claimed attorney client privilege over other documents that were listed in its privilege log; and (3) whether Baptist should be required to produce billing records and

---

[2]This includes Baptist's objection to producing personal identifiable information in medical records and Dr. Nieves's request for Baptist to be ordered to meet and confer regarding certain interrogatories and requests for production.

certain additional documents in response to Request for Production 24.[3]

## II. ANALYSIS

### A. Scope of Discovery

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the

---

[3]Dr. Nieves also requests legal fees and costs incurred in bringing this motion under Rule 37. The court will defer consideration of this request until all issues raised in the motion have been decided.

parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**B.   Relevance Redactions**

The parties dispute whether five documents Baptist produced to Dr. Nieves were properly redacted. The five documents at issue here were not listed in Baptist's initial privilege log. (ECF No. 63-4.) According to a sworn declaration by Dr. Nieves's counsel, he reached out to Baptist's counsel five separate times between December 12, 2019, and the filing of this motion of February 10, 2020, to discuss the omission of these documents from Baptist's privilege log. (ECF No. 63-1.) The declaration claims that Baptist did not substantively respond to those inquiries. (Id.) Dr. Nieves then filed this motion. In its briefing in response to this motion, Baptist states that the five documents at issue here were properly redacted because "they contain confidential and irrelevant information that bears no relation to the claims and defenses of this matter." (ECF No. 72 at 15.) Although Baptist repeatedly asserts these documents are confidential, Baptist has not identified any legal basis for this claim. Baptist spends most of its briefing discussing why the redacted portions of these documents are not relevant. Baptist also states that it has updated its privilege log to include these documents.

- 4 -

To the extent Baptist is attempting to assert some form of trade secrets privilege or other privilege that might cover sensitive business documents, it waived such privilege when it failed to include these documents in its initial privilege log and when it did not substantively respond to five separate attempts by opposing counsel to discuss the omission of these documents from its privilege log. See Pravak v. Meyer Eye Grp., PLC, No. 2:07-2433-MLV, 2009 WL 10664851, at *7 (W.D. Tenn. Oct. 22, 2009) (party waived privilege when it failed to include documents in its initial privilege log). Furthermore, conclusory statements that a document is "confidential" are not sufficient to preserve an objection based on the Federal Rules' protections for trade secrets or sensitive business documents. Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC, No. 18-CV-2104-JTF-tmp, 2018 WL 6521494, at *3 (W.D. Tenn. Sept. 12, 2018).

Moving to relevance, in general, parties "cannot unilaterally redact portions of documents based on relevancy grounds." Melchior v. Hilite Int'l, Inc., No. 13-50177, 2013 WL 2238754, at *3 (E.D. Mich. May 21, 2013). "The Federal Rules of Civil Procedure do not recognize irrelevance as a privilege or an objection that warrants redaction, or that would involve the compilation of a privilege log, as with other redactions." Medtronic Sofamor Danek, Inc. v. Michelson, No. 01-2373-GV, 2002 WL 33003691, at *5 (W.D. Tenn. Jan. 30, 2002). Virtually all documents contain relevant and

irrelevant information, and information in a document that is irrelevant is often useful context for the relevant information. Salser v. Dyncorp Int'l, Inc., No. 12-10960, 2014 WL 7139886, at *2 (E.D. Mich. Dec. 12, 2014). Plus, "[e]ven when implemented with restraint and in good faith, [relevance redactions] frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured." Medtronic, 2002 WL 33003691, at *5 (internal citations and quotations omitted). With that said, courts have occasionally allowed redactions based on relevance when a protective order preventing the improper dissemination of sensitive information is not sufficient to protect the responding party's interests. Osborn v. Griffin, No. CV 11-89-WOB-CJS, 2013 WL 12176851, at *7 (E.D. Ky. July 17, 2013). In cases where "redactions were approved, the number of redacted documents appeared to be small, and the content of the redactions was readily apparent." Beverage Distributors, Inc. v. Miller Brewing Co., No. 2:08-CV-1112, 2010 WL 1727640, at *5 (S.D. Ohio Apr. 28, 2010).

This is not the kind of exceptional case in which unilateral redaction is allowed. There is a protective order shielding sensitive business information in this case from improper disclosure. Baptist has not identified any reason why that order is insufficient to protect its interests. That alone makes relevance redactions improper. Furthermore, the redactions Baptist has made for relevance are not small and do not allow a reader to

- 6 -

understand what information has been redacted. Take Exhibit M to Dr. Nieves's motion as an example. Exhibit M is a report of a December 5, 2018, meeting of Baptist's Medical Executive Committee. At the December 5 meeting, Baptist's Medical Executive Committee received Dr. Nieves's request to be reinstated to active staff after his military leave of absence. Five days later, Dr. Nieves alleges that he was barred from entering his office at Baptist's Union City facility and prohibited from seeing further patients there. One might reasonably think Exhibit M is likely to contain relevant information. However, Baptist has redacted every part of Exhibit M — a five page document — except for its heading, a single sentence noting that Dr. Nieves's request for active status was received, and some (but not all) of the document's page numbers. Very clearly, this is not a case "where the content of the redactions [is] readily apparent." Beverage Distributors, 2010 WL 1727640, at *5. Rather, it is the kind of case where even if Baptist's redactions have been solely of entirely irrelevant information (which the court has no reason to doubt),[4] redaction inexorably raises questions about the document's content. This portion of the motion to compel is GRANTED. Baptist shall produce unredacted versions of every responsive document they have

---

[4] If this assumption is wrong, Dr. Nieves should file a supplemental brief identifying what relevant information was redacted from what documents and the court will consider the matter when it decides Dr. Nieves's request for legal fees.

redacted for relevance, including the five documents identified by Dr. Nieves in his motion.

**C. Privilege**

The parties next dispute whether the attorney-client privilege covers certain documents that were listed in Baptist's privilege log. As before, a sworn declaration by Dr. Nieves's counsel attests that he attempted to resolve these privilege issues with Baptist many times over a period of months before filing this motion. After the motion was filed, Baptist conceded several of its claims of privilege were in error and produced unredacted documents. The parties still dispute whether five documents are covered by the privilege.

"The attorney client privilege protects from disclosure confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client." Guy v. Yusen Logistics (Americas), Inc., No. 18-CV-2117-MSN-tmp, 2018 WL 8547666, at *2 (W.D. Tenn. Dec. 20, 2018), objections overruled, 2019 WL 2465173 (W.D. Tenn. Apr. 11, 2019) (internal citations and quotation omitted). The elements of the attorney-client privilege are:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

Reed v. Baxter, 134 F.3d 351, 355-56 (6th Cir. 1998). "[T]he attorney-client privilege protects only confidential disclosures made for the purpose of obtaining legal advice." Kamenski v. Wellington Exempted Vill. Schs., No. 1:14-cv-1489, 2016 WL 1732872, at *5 (N.D. Ohio May 2, 2016). "[C]ommunications between an attorney and client of primarily a business nature are outside the scope of the privilege." Glazer v. Chase Home Fin. LLC, No. 1:09-cv-1262, 2015 WL 12733394, at *4 (N.D. Ohio Aug. 5, 2015). "The burden of establishing the attorney-client privilege rests with the person asserting it." Doe v. Hamilton Cty. Bd. of Educ., No. 1:16-cv-373, 2018 WL 542971, at *2 (E.D. Tenn. Jan. 24, 2018).

For each of the privilege claims under dispute, Baptist has not adequately responded to the specific arguments raised by Dr. Nieves about why each document is either an unprotected communication or is not adequately described in the privilege log. Two examples illustrate the point. One of the privilege log entries under dispute is Doc. 157, which is identified as an "[e]mail chain re: counsel's request for information for the purpose of preforming [sic] legal analysis related to recruitment issues." (ECF No. 63-4.) Dr. Nieves raises a number of specific arguments about why the emails on this thread are unprotected, including that (1) some of the people on the email thread are neither corporate officers or attorneys and (2) the unredacted portions of the thread are about

- 9 -

a "'physician recruitment slot' form" that, Dr. Nieves claims, is a primarily business-related matter not involving legal advice. (ECF No. 63.) Baptist's response to this argument states, in its entirety, that "[t]his thread contains and [sic] email from Maggie Schmitt to Michelle Beyer, a paralegal in Defendants' legal department, and is therefore properly redacted for attorney-client privilege." (ECF No. 72 at 15.) This does not meaningfully respond to any of the arguments raised by Dr. Nieves about why this communication is unprotected. Similarly, another claim of privilege under dispute involves Doc. 50, which was described in the privilege log as a February 6, 2017, "[e]mail re: counsel's request for information to be used in drafting due diligence response to the Department of Labor concerning Nieves' DOL complaint." (ECF No. 63-4.) Dr. Nieves argues this privilege log entry cannot possibly be correct because Dr. Nieves filed his complaint with the Department of Labor in October 2017. In response to this argument, Baptist states the following: "[h]owever Doc. 50, between James Knowlin, in-house counsel, and Kimberly Young, is a privileged communication protected by the attorney client privilege that Defendants refuse to produce." (ECF No. 72 at 15.) This does not respond to the concern Dr. Nieves raised about this privilege log entry. All of the other privilege claims in dispute involve the same pattern as these examples: Dr. Nieves raises specific issues about a privilege claim and Baptist fails to

meaningfully respond. This is not sufficient for Baptist to meet its burden to establish these documents are protected.

The court notes that it would be justified in ordering the production of all of the documents under dispute here because of Baptist's failure to meet its burden. However, in recognition of the importance of the rights at issue here, the court opts for a more limited remedy. The court ORDERS that Baptist shall re-review the documents that Dr. Nieves claims are not privileged (Docs. 50, 115, 122, 157, and 185) and evaluate in good faith whether these documents are, in fact, privileged. After this review, for those documents Baptist intends to maintain a privilege claim over, it shall provide an updated privilege log that describes in detail why Baptist maintains a claim of privilege over those documents in spite of the specific concerns identified by Dr. Nieves. If Dr. Nieves believes Baptist's remaining claims of privilege are improper, the parties shall meet and confer in good faith to resolve this dispute. Unless the parties mutually agree otherwise, this meet and confer shall occur no later than one week after Dr. Nieves informs Baptist of his continued objection. Should a dispute remain after this meet and confer, Dr. Nieves may file a renewed motion to compel.

**D.   Request for Production 24**

The parties disagree about whether Baptist has adequately responded to Request for Production 24. That request calls for:

"All Documents Related to Plaintiff's compensation by You during the Relevant Time Period, Including Documents sufficient to Identify the amount of compensation Plaintiff received for his Personally Performed Professional Services in each quarter of the Relevant Time Period." (ECF No. 63-2.) (capitalization original). Baptist objected to this request on a number of grounds, including that it did not describe the documents it sought with reasonable particularity. However, without waiving its objections, Baptist produced a variety of documents related to Dr. Nieves's compensation as well as medical records from all procedures Dr. Nieves performed while at Baptist. Dr. Nieves argues this is not enough and that Baptist should have to also produce: (1) its billing records showing what it charged third-party payors for the procedures Dr. Nieves performed and (2) "documents describing how Defendants allocated [a particular measure of work performed] for various procedures to nurses and other caregivers when Plaintiff was involved in a procedure, in some fashion." (ECF No. 63.)

A request for production "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(a). "The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for and what is not." Pan v. Kohl's Dep't Stores, Inc., No. 2:12-CV-1063, 2015 WL 4346218, at *2 (S.D. Ohio July 15, 2015) (internal citations and quotations omitted). As in many areas

of law, what counts as reasonable depends on the circumstances of the case. Id.

This request does not meet the reasonable particularity test. Any number of documents may relate to Dr. Nieves's compensation in some way. Request for Production 24 offers no guidance on how Baptist can determine whether a particular document or even a particular category of documents falls within its scope. As applied to the particular categories of documents Dr. Nieves now seeks, the request did not put Baptist on reasonable notice that it needed to produce those documents. This portion of the motion of compel is DENIED.

### III. CONCLUSION

For the reasons above, the motion to compel is GRANTED in part and DENIED in part. Unless otherwise specified in this order, Baptist shall provide discovery responses under this order within fourteen days.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 23, 2020
Date